TRAVELERS INSURANCE COMPANY
et al *v.* Richard H. MARTIN

78-220                                                   571 S.W. 2d 416

Opinion delivered September 25, 1978
(Division I)
[Rehearing denied October 30, 1978.]

*Byron S. Southern,* of: *Southern, Stewart, Gunter & Alexander,* for appellants.

*Winfred A. Trafford,* of *Holmes, Holmes & Trafford,* for appellee.

GEORGE ROSE SMITH, Justice. This is a workmen's compensation case. The injury, sustained in 1973, is admittedly compensable. The principal appellant, the employer's insurance carrier, now admits that the claimant is totally and permanently disabled. The administrative law judge and the commission found, however, that the carrier had originally controverted all the claim in excess of a 40% permanent partial disability. On that basis the claimant was allowed a $750 attorney's fee, which is the first point at issue.

The commission also found from the medical testimony that the claimant is in need of nursing services. Those services have been performed by the claimant's sister. The commission directed that the employer and insurance carrier either provide professional nursing care or work out some arrangement with the claimant's family to provide that care. The

commission's opinion stipulated that if the parties were unable to agree about the nursing care a hearing should be held by the administrative law judge. Whether the appellants are liable at all for the sister's nursing care is the other point at issue.

The appellants' abstract of the record, even as partly supplemented by the appellee, is so deficient that reversible error is not shown. We discuss the issues only in sufficient detail to show why this is true.

The commission's opinion, which is essential to an understanding of the first point, is not abstracted, as it should have been. We quote a pertinent paragraph from that opinion, to confirm its controlling importance:

> The record is clear and convincing that the respondents did not advise the claimant, his attorney, nor the Arkansas Workmen's Compensation Commission until January 27, 1976, that they would ever accept any degree of permanent disability in excess of 40 percent. This response was written to the Commission after the claimant's attorney had requested a hearing, claiming permanent and total disability. It would appear by the actions of the respondent-insurance carrier that they were paying only 40 percent to the body as a whole and if the claimant's attorney had not requested the hearing, that is all the claimant would have received. In order to avoid controversion, respondents should immediately report to the Commission any change as to their stated position. To sit back idly to see if anyone disagrees with them at some time in the future and then say, "yes, we were going to pay permanent and total," is not sufficient to avoid controversion of the increase in disability. Therefore, we can only conclude that the respondents have controverted all disability over 40 percent to the body as a whole.

The commission's opinion was based at least in part upon two letters written by the claimant's attorney, both of which, according to the commission's opinion, indicated that the claimant was totally and permanently disabled. Neither of those vital letters has been abstracted. Moreover, Rule 9

requires that pertinent testimony be abstracted in the first person. Contrary to the rule, the appellants have merely quoted, in question and answer form, a few excerpts from the testimony that are favorable to them. We find the abstract to be flagrantly deficient and therefore affirm the award of the $750 attorney's fee.

With regard to this point the appellee asks in his brief that maximum attorney's fees be allowed upon all the controverted allowance of disability benefits in excess of 40%. As far as the attorneys' services before the administrative law judge are concerned, the claimant stated in his notice of appeal to the full commission: "The appeal relates only to the claim for nursing services and not to the award for attorney's fees. We agree with the award of attorneys' fees in the award designated by Judge Rebsamen." As far as any later attorneys' services may be concerned, there was no cross appeal either from the full commission's decision or from the circuit court's affirmance. We therefore cannot award additional affirmative relief to the appellee. We do, however, allow the $250 attorney's fee authorized by Ark. Stat. Ann. § 81-1332 (Repl. 1976) for services in this court.

The commission began its discussion of the second point now in dispute with this statement: "As to the issue of nursing care, we must rely heavily upon the medical evidence presented." The appellants have not abstracted any of that medical evidence. Consequently we are not in a position to say that the commission's findings are not supported by substantial evidence.

Affirmed.

We agree. FOGLEMAN, HOLT, and HOWARD, JJ.

BYRD, J., dissents.

CONLEY BYRD, Justice, dissenting. I disagree with the majority's disposal of this case under Rule 9.

The Workmen's Compensation Law, Ark. Stat. Ann. § 81-1318, provides how a claim should be filed, including claims for additional compensation. Ark. Stat. Ann. § 81-

1319 provides for the rights of the employer and specifically states:

"(d) RIGHT TO COMPENSATION CONTROVERTED. Each employer desiring to controvert the right to compensation shall file with the Commission, on or before the fifteenth (15th) day following notice of the alleged injury or death, a statement on a form prescribed by the Commission that the right to compensation is controverted on the grounds therefor, the names of the claimant, employer, and carrier, if any, and the date and place of the alleged injury or death. Failure to file such statement of controversion shall not preclude the urging of any defense to the claim subsequently filed, nor shall the filing of a statement of controversion preclude the urging of additional defenses to those contained in such statement of controversion."

In so far as here applicable the provision (Ark. Stat. Ann. § 81-1332) for assessment of attorney fees provides:

". . . Whenever the Commission finds that a claim has been controverted, in whole or in part, the Commission shall direct that fee [fees] for legal services be paid by the employer or carrier in addition to compensation awarded, and such fee [fees] shall be allowed only on the amount of compensation controverted and awarded. Whenever the Commission finds the claim has not been controverted but further finds that bona fide legal services have been rendered in respect to the claim, then the Commission shall direct the payment of such fees out of the compensation awarded."

Appellant's abstract of the record consists of approximately one and one-third pages and provides as follows:

"A Workmen's Compensation claim was filed on July 5, 1973, claiming medical, permanent disability, total disability, attorney's fees, and any other benefits entitled to under Workmen's Compensation Commission Laws of Arkansas. The issues before the Court are whether this case is controverted and whether

claimant's sister is entitled to compensation for nursing services. On July 29, 1976, the opinion of the Referee was filed concluding that while respondents had not controverted all benefits in excess of forty per cent to the body as a whole, they had controverted the claim in part and that action forced claimant to secure attorney's services and that attorney's fees were due to claimant's attorney in the amount of $750.00 to be paid by respondents; further finding that claimant's sister was not entitled to receive payment for nursing services. Both parties filed timely Notices of Appeal. The opinion of the full commission was filed September 7, 1976, modifying the opinion of the referee. The full commission affirmed the award of an attorney's fee in the sum of $750.00, plus adding an additional $100.00 attorney's fee, pursuant to Act 1227 of 1975 (Extended Session). The Commission further found that claimant's sister would be entitled to remuneration for nursing services, but did not indicate in what amount Respondent's Notice of Appeal was timely filed. Respondents have appealed from the record as a whole."

The abstract of appellee's testimony shows that he was being paid compensation and had been reimbursed for all expenses for which he had submitted a claim throughout the entire time of his disability.

Appellant's abstract of the testimony of Claude Prater, pages 9 through 14 of the abstract, shows that the claim for additional benefits was filed with the Commission on January 19, 1976, and that on January 27, 1976, the carrier accepted the claim as being permanent and total. This testimony also shows that there had been oral communication between the carrier and claimant's attorney prior to the filing of the claim and that in those contacts the carrier had accepted the claim as total and permanent. In fact the only dispute prior to the filing of the claim centered around the issue of whether the carrier would enter into a joint petition for a lump sum settlement.

While the abstract here, which consists of pages 7 through 14 of appellant's brief, may not be the best abstract presented to this court, it at least is sufficient to raise the issue

of whether the employer controverted the claim for additional benefits within the meaning of the Workers' Compensation Law. In this day and time when the premium for Workers' Compensation Coverage often exceeds thirty percent of an employer's total payroll, we should give a definitive answer to appellant's contention that it had not controverted the claim as a matter of law.

In any event the record here is not so flagrantly deficient that appellant should not be given the opportunity to reprint its abstract in accordance with our discretion under Rule 9(e)(2) — see *Russell* v. *Pryor,* 264 Ark. (July 17, 1978).

For the reasons herein stated, I respectfully dissent.