BIBLER BROTHERS, INC. and MISSION
INSURANCE COMPANY *v.* Johnny INGRAM

CA 79-54                                    587 S.W. 2d 841

Opinion delivered October 3, 1979
and released for publication October 24, 1979

*Barber, McCaskill, Amsler, Jones & Hale,* for appellants.

*Richard L. Peel,* for appellee.

DAVID NEWBERN, Judge. In this case we are to determine whether the lower court erred in finding a lack of substantial evidence to support a Workers' Compensation Commission award. The Commission assessed the employee's permanent partial disability at 30%. The employee appealed to the circuit court where the decision of the Commission was reversed. The circuit judge entered an order saying he found the employee's healing period had not ended and that the employee could be further healed by entering a therapeutic work program which the court had personally investigated and found to be available and suitable. The appellants contend (a) this action by the circuit court was improper because the judge considered evidence not in the record and did something he had no authority to do and (b) the judge erred in finding the Commission's action was not supported by substantial evidence. We agree the court's order should be reversed and that of the Commission reinstated.

The employee who is the appellee here sustained a serious injury to his head when a tree fell on him while he was at work on October 3, 1974. He has been treated by several physicians and has been tested by psychologists. Their testimony and that of the appellee, his wife and other lay persons presents a picture of a man who can do most of the physical tasks he could perform before he was injured. The evidence also shows he does not do them as often, as well or with the same energy or motivation as before. There was also testimony of a personality change. One psychologist said in

his opinion the appellee was totally disabled. Another said he thought that what the appellee needed most was to get out and do something — like work.

Before the administrative law judge and the Commission, the appellee contended he was totally and permanently disabled. The appellants contended the healing period had ended October 8, 1976, the date of a medical examination of the appellee by a Dr. Watson, and agreed to a finding, also based on Dr. Watson's report and that of a Dr. Redding, of 10% permanent partial disability to the appellee's body as a whole.

The order of the Commission granting 30% permanent partial disability to the employee was appealed by him to the circuit court. The only evidence in the record showing the issues in that appeal consists of a brief filed by the employer and the insurance carrier, who are the appellants here, and the court's order. Before the Commission, the appellee had contended he was totally and permanently disabled. There was no issue raised by the employee-appellee before the Commission whether a healing period had ended October 8, 1976. We must assume that was not questioned by the employee before the circuit court either. Yet the court found as a matter of fact that the healing period had not ended. The rest of the court's conclusions and actions were based on that determination.

The court's finding is, at least in part, based upon a response by a rehabilitation agency to the court's personal inquiry whether that agency could undertake a therapeutic (healing) work program for the appellee. In his order, the court said, in part:

> The Court has contacted the Rehabilitation Service Office in Russellville and, after providing that office with a brief summary of the facts, has determined that it will undertake a therapeutic work program on Claimant even at this late date in an effort to rehabilitate him back into the work force. It appears to the Court that rehabilitation through work therapy is as much a part of the healing period or of the mechanism for recuperating from the disability which Claimant suffers as medicine,

surgery, and other therapy would be for another type of injury.

This foray outside the record was clearly improper. The court went far beyond the provisions of Ark. Stat. Ann. § 81-1325(b) (Repl. 1976), which sets forth the limits on judicial review of the Commission's determinations.

Even had the court not made the results of his personal investigation a part of the basis of his order, however, we could not have supported a determination that there was no substantial evidence the healing period had ended. It is fairly certain that question was not raised by either party. If the court felt obliged to consider that question on his own, the court should have considered only the evidence which was before the Commission. Implicit in the medical reports recommending a finding of 10% permanent partial disability is a medical opinion that the healing had ended, and Dr. Watson's final report suggested the appellee return to "some working responsibility." That, in itself, is substantial evidence.

Nor was there a lack of substantial evidence of the percentage of disability assigned by the Commission. Drs. Watson and Redding found 10% disability to the body as a whole. One psychologist assessed the permanent disability at 100%. In his order, the court seemed to contemplate a requirement that there be direct medical testimony showing the precise percentage of disability found by the Commission before he would permit it to stand as supported by substantial evidence. He said:

> This Court is of the opinion that there was not sufficient competent evidence in the record to warrant the making of the Order or award. The experts' opinions fix disability at a conditional 10% or 100% with no expression of any partial disability between these two extremes. The lay testimony is of absolutely no value in trying to arrive at a percentage of permanent partial disability. There is nothing in the record on which to base a 30% award.

It was not improper for the Commission to consider

other than medical evidence in making its award. *Glass* v. *Edens*, 233 Ark. 786, 346 S.W. 2d 685 (1961). In *Wilson & Co.* v. *Christman*, 244 Ark. 132, 424 S.W. 2d 863 (1968), the Arkansas Supreme Court said:

> The Commission should form its opinion and base its award on the preponderance of all the competent evidence, including medical, as well as lay testimony, and also including the testimony of the claimant himself. The Commission weighs all of the evidence as a jury would do and we affirm the order or award of the Commission on appeal unless . . . there was not sufficient competent evidence in the record to warrant the making of the order or award. [244 Ark. at 137, 138]

It was thus error for the circuit court to refuse to consider lay testimony in determining whether there had been substantial evidence before the Commission to support its award. Even had there been only the medical testimony, however, we would have disagreed with the court and found substantial evidence to support the award. There is no doubt that claims based on psychological employment disabilities are compensable under our Act. *Price Lumber Co.* v. *Adams*, 258 Ark. 630, 527 S.W. 2d 932 (1975). In cases involving this inexact area of illness disability, it would be unreasonable to require a claimant to come up with witnesses testifying as to exact percentages of disability in hopes the Commission would choose a figure that had been specifically mentioned by a witness. We are not dealing with a scheduled injury when we consider traumatic neurosis, and our application of the "substantial evidence" standard must be adapted to these circumstances. See, 2 Larson, *Workmen's Compensation Law*, § 58.20 (1976). Nothing in our law does or should require precise evidence of the precise amount of disability.

Our decision in *Chandler Trailer Convoy* v. *Henson*, 266 Ark. 38, (Ark. App. 1979), holding that a circuit court's order remanding a workers' compensation claim to the Commission for the taking of further evidence was not a final order and thus not reviewable is not applicable here. In this case, the Commission order has been reversed and the Commission has no latitude to make further determination of the crucial question whether the healing period has ended. The court

substituted its own factual determination and legal conclusion, and that is a final order.

Reversed with orders to reinstate the decision of the Workers' Compensation Commission.

Judges Hays and Howard dissent.

M. STEELE HAYS, Judge, dissenting. I respectfully disagree that there is substantial evidence to support the decision of the Commission with respect to both the healing period and the permanent, partial disability. I concede that the Circuit Court exceeded the outer limits of its power of review as defined in Ark. Stat. Ann. § 81-1325(b) (Repl. 1976) by finding, on its own, that the healing period had not ended. I agree with the majority that the order of the Circuit Court becomes appealable in this instance for the reasons stated in the majority opinion.

There is no question, nor should there be, but that the findings and conclusions of the Commission are not reversible except in strict conformance with Section 25(h) of the Workers' Compensation Act, amended by Act 252 of 1979, and if its findings are supported by sufficient, competent evidence, the Commission's decision will be affirmed. Sufficient, competent evidence is frequently, almost uniformly, interpreted as "substantial evidence." *Ivory Handle Company* v. *Yates*, 212 Ark. 1010; *Blankenship Logging Company* v. *Brown*, 212 Ark. 876; *Merger* v. *Seismograph Service Corporation*, 209 Ark. 168.

It is said that substantial evidence is difficult to define, and clearly that is so. But the presence in the record of substantial evidence to support the Commission's findings is held to be a matter of law. (See *Traveler's Insurance Company* v. *Martin*, 571 S.W. 2d 416.) Hence, it is an affirmative duty of the appellate court to determine whether there is substantial evidence to support the Commission's findings. *Morris* v. *Crossett Thurber Company*, 219 Ark. 575.

The problem, obviously, lies in arriving at a standard for judging "substantial evidence" so that we are not left with a purely subjective appraisal. A detailed review of the record

would serve no useful purpose; it is enough to say that what I view as substantial evidence is absent. The Circuit Court observed that there was nothing in the record on which to base an award of thirty percent, and I concur in that view.

My concern is not so much the degree of disability arrived at by the Administrative Law Judge and the Commission (although I believe the severity of the initial injury to the skull and brain of the claimant and the ensuing psychological consequence would support a significantly larger award) as with the absence of any attempt whatsoever to document and relate the degree of disability to specific factors and data in the record. The end result should be obvious, i.e., appellate review becomes a matter of either blind acceptance of the Commission's award on the one hand, or something akin to trial de novo on the other, neither of which is consistent with the spirit of the Worker's Compensation Act. I recognize that fixing the degree of disability in given cases is not susceptible to fine accuracy, but it need not be left, as it tends to be, to random conjecture. Neither side in Worker's Compensation cases is benefited by too wide a latitude in this area of the law.

I would modify the order of the Circuit Court to remand to the Commission with directions to set out the factual basis from the record on which the healing period, and, so far as feasible, the award of permanent, partial disability were determined.

Judge Howard concurs in this dissent.