JOHNSON *v.* BEAR BRAND ROOFING Co.

5-2617                                             354 S. W. 2d 277

Opinion delivered February 26, 1962.

*Paul K. Roberts,* for appellant.

*Shackleford & Shackleford,* for appellee.

SAM ROBINSON, Associate Justice. This is the second appeal in a workmen's compensation case. In the first appeal a judgment in favor of the employer, Bear Brand Roofing, Inc., was reversed because the Compensation Commission had refused to allow a doctor, produced as a witness by the claimant, to answer a hypothetical question propounded by counsel for the claimant. The judgment was reversed and remanded for further proceedings not inconsistent with the opinion, 232 Ark. 639, 346 S. W. 2d 472.

When the case was returned to the Workmen's Compensation Commission, without hearing any additional testimony the Commission entered a judgment for the claimant. The employer filed a motion to set aside the judgment and the motion was granted. Claimant then appealed to the Circuit Court from the order setting aside the judgment and applied for a writ of Mandamus to compel the Commission to re-enter the judgment.

Obviously, in the circumstances it was error for the Commission to enter a judgment for the claimant and the Commission quite properly set it aside. The proper procedure is for the Commission to set the cause for a

hearing, allow the doctor to answer the hypothetical question and permit either side to introduce any additional admissible evidence that they might wish to produce.

Moreover, in addition to what we have said, the Commission's action in setting aside the judgment is not a final order from which an appeal will lie. *Batesville* v. *Ball,* 100 Ark. 496, 140 S. W. 712.

The appeal is dismissed.