JACK C. LUKER *v.*
REYNOLDS METALS COMPANY ET AL

5-4570                                        428 S. W. 2d 45

Opinion delivered May 27, 1968

*McMath, Leatherman, Woods & Youngdahl* and *Silas H. Brewer Jr.*, for appellant.

*Otis H. Turner*, for appellees.

CONLEY BYRD, Justice. The issues on this workmen's compensation appeal are the finality of the Commission's order finding that appellant's disability from his heart attack arose out of and in the course of his employment, and the constitutionality of Act 501 of 1967, which provides that if the circuit court has not acted on a workmen's compensation review within sixty days, the court shall enter an order affirming the same.

The record shows that on May 26, 1967, the Commission found (1) that the heart attack suffered by appellant Luker arose out of and in the course of his employment by appellee Reynolds Metals Company; and (2) that as a result of the heart attack claimant sustained total disability for a period yet to be determined. The order provided, " . . . the commission expressly retains jurisdiction of this claim for the further purpose of determining the end of claimant's healing period and the extent of his permanent disability, if any." No appeal was taken within the thirty days allowed by Ark. Stat. Ann. § 81-1325(b) (Supp. 1967), but on July 28, 1967, appellees filed with the Commission a motion requesting it to enter an order finding that no "final appealable order" had been entered, or in the alternative that the May 26, 1967, order be rescinded and a new order issued clarifying said opinion. The motion was overruled by the Commission on August 24, 1967, and appellees filed their appeal with the circuit court on September 8, 1967. No action was taken by the circuit court within the sixty days allowed by Act 501 of 1967. On November 27, 1967, counsel for appellant mailed a precedent to the circuit court for affirmance of the Com-

mission under Act 501. The court refused to enter the order, and on November 29 entered its order finding that the Commission's May 26 order was so vague and indefinite as not to constitute an appealable final order. It then remanded the matter to the Commission with directions to determine the questions of partial total disability and the end of the healing period.

We do not reach the issue of the constitutionality of the statute (Act 501) or the duty of the circuit court thereunder, for in our opinion the May 26 Commission order was final for purposes of review, and the thirty-day limitation for review had expired, thus depriving the circuit court of jurisdiction in the matter.

The appealability of the Commission's order in a workmen's compensation claim is not limited to the final disposition of the matter before the Commission. See *McNeely* v. *Clem Mill & Gin*, 241 Ark. 498, 409 S. W. 2d 502 (1966). The benevolent purposes of the act requiring the employer to make payments of compensation and medical expenses during the healing period would be defeated if all contested claims were permitted to lie dormant until the Commission could determine the end of the healing period and the permanent partial disability. Many cases have been before this court in which the healing period lasted for more than a year, particularly those involving heart and back injuries.

The May 26 order determined the employer's responsibility for the injuries and specifically retained jurisdiction for the "purpose of determining the end of claimant's healing period and the extent of his permanent disability, if any." These determinations were sufficiently final for the employer to contest on review (1) its liability to the claimant, (2) whether the evidence established the termination of the healing period, and (3) whether the evidence establishd any permanent partial disability. To this extent we hold it was final for purposes of review.

Reversed and remanded.