## COOPER INDUSTRIAL PRODUCTS
### *v.* Naeomi MEADOWS

CA 80-150                                        601 S.W. 2d 275
Court of Appeals of Arkansas
Opinion delivered July 9, 1980

*Brown, Compton & Prewett, Ltd.*, by: *William I. Prewett*, for appellant.

*Ronald L. Griggs*, for appellee.

MARIAN F. PENIX, Judge. Claimant was injured on the job April 13, 1978 while in the employment of Appellant. Appellant paid temporary total disability benefits from April 14, 1978 until May 15, 1978 and medical bills. At the conclu-

sion of an April 17, 1979 hearing the Administrative Law Judge left the record open for depositions of doctors and requested the attorneys to advise him within ten days of the hearing the doctors who would be deposed. The record was kept open for almost 90 days until July 12, 1979 at which time the Administrative Judge filed an opinion denying any additional benefits to the Claimant. His opinion reflects it is partially based upon a letter report of Dr. Joe K. Lester dated April 16, 1979. The Administrative Law Judge interpreted this letter as Dr. Lester's withdrawal of his 5 to 10% physical impairment assessment which Dr. Lester had made in his letter dated January 30, 1979.

The Claimant's attorney wrote the Administrative Judge a letter on July 17, 1979 in which he said:

I am in receipt of your Opinion filed July 12, 1979 . . . My first reaction is to ask that the Opinion be amended in that it appears to be based on your feeling that Dr. Lester's disability was withdrawn in his letter of April 16, 1979. I would be happy to have Dr. Lester clarify that matter and submit the matter for an amended decision if the Court feels that would be proper. Otherwise we will proceed with appeal . . .

On July 23, 1979, the Administrative Judge responded to the Claimant's attorney:

This will acknowledge receipt of your letter dated July 17, 1979. You are correct in the second paragraph of your letter in assuming I considered Dr. Lester's disability to be withdrawn in his letter of April 16, 1979. I would appreciate some clarification from Dr. Lester and if he had, in fact, not withdrawn the disability rating I will amend the opinion to reflect that. I had rather do it this way than have you and Bill Prewett (Respondent's Attorney) go to the expense of an appeal to the Full Commission and then having it remanded to me . . .

On October 9, 1979 Dr. Lester wrote Claimant's attorney:

In response to your request for medical information, Mrs. Meadows has two different orthopedic problems. One of which is a degenerative lumbar disc for which, in the opinion of this examiner, she has 5 to 10% physical impairment of the body as a whole on the basis of symptomatic degenerative disc disease at L5-S1. In addition, she had a Morton's neuroma of the right foot which was operated and for which she should have no physical impairment. I realize in retrospect that since the sciatica was on the right and her Morton's neuroma was on the right that this has been confusing for all involved for which I submit my humble apology. By no means did I intend to leave the impression that the fact that she had a Morton's neuroma did away with her, what I consider, obvious degenerative disc disease.

The Claimant's position is the July 23, 1979 letter from the Administrative Judge indicates the appeal time was tolled until a report from Dr. Lester clarifying his position was submitted for an amended opinion.

An amended opinion was rendered October 31, 1979 awarding the Claimant a 10% permanent disability. Respondent appealed to the Full Commission. The Commission ordered a remand to the Administrative Law Judge for the purpose of taking additional evidence and for the purpose of giving Respondent the opportunity for cross-examination as provided by Commission Rule 20. Respondent brought this appeal.

Respondent contends the July 12, 1979 decision was a final adjudication and the Administrative Law Judge was therefore without jurisdiction to issue any amended opinion. Respondent contends the ex parte letter from Dr. Lester to Claimant's attorney could not be filed and considered 90 days after the rendering of the opinion and 60 days after the expiration of the time within which to file a petition for review or appeal. Respondent contends the procedure for securing a review of or for perfecting an appeal from decisions and orders in compensation is prescribed in detail in Ark. Stat. Ann. § 81-1325(a):

> A compensation order or award of a referee shall become final unless either party to the dispute shall, within thirty days from the receipt by him of the order or award, petition in writing for a review by the Full Commission of the order or award.

We cannot consider the issue raised by the Respondent-Appellant. The Commission Order of January 17, 1980 is not a final order, and hence not appealable. The setting aside of a judgment for the Claimant and the order opening up the record for the taking of additional evidence, is not a final order which is appealable. *Johnson* v. *Bear Brand Roofing Co.*, 234 Ark. 733, 354 S.W. 2d 277 (1962).

> For a judgment to be final and appealable, it must in form or effect: Terminate the action; operate to divest some right so as to put beyond the power of the court to place the parties in their former condition after the expiration of the term; dismiss the parties from the court; discharge them from the action; or conclude their rights to the matter in controversy. *Allred* v. *National Old Line Insurance Company*, 245 Ark. 893, 895-896, 435 S.W. 2d 104 (1968) quoting *Johnson* v. *Johnson*, 243 Ark. 656, 421 S.W. 2d 605 (1967).

Therefore, this Court has no jurisdiction over this case.

Appeal dismissed.