Ronnie Weeks *v.* COCA COLA BOTTLING COMPANY and ROYAL GLOBE INSURANCE COMPANY

CA 80-190                                      604 S.W. 2d 566
Court of Appeals of Arkansas
Opinion delivered September 10, 1980
Rehearing denied October 15, 1980

152

*J. R. Nash*, for appellant.

*Chester C. Lowe, Jr.*, for appellees.

ERNIE E. WRIGHT, Chief Judge. The Appellant Ronnie Weeks sustained a compensable back injury in the course of his work for Appellee Coca Cola Bottling Company in November, 1974. In December, 1976, he suffered a second compensable back injury while at work for the same employer.

Upon appeal to the Workers' Compensation Commission by the employer and insurance carrier from the decision of the administrative law judge, the Commission made certain final determinations with respect to the claim, but remanded certain issues to the administrative law judge for decision after the development of further evidence.

We do not review those portions of the Commission's decision which are remanded to the administrative law judge. There has been no final determination as to such matters, and same are not properly before this court for review. Ark. Stat. Ann. § 27-2101 (Repl. 1979); *Luker* v. *Reynolds Metals Co.*, 244 Ark. 1088, 428 S.W. 2d 45 (1968); *Johnson* v. *Bear Brand Roofing Co.*, 234 Ark. 733, 354 S.W. 2d 277 (1962).

The Commission found claimant had sustained a ten percent permanent partial disability to the body as a whole resulting from the 1974 injury, but had been paid all medical benefits and temporary and permanent compensation therefor. This determination is not challenged on appeal. We, therefore, limit our review and discussion to final determinations made by the Commission as follows:

(1) Finding that appellant's healing period ended December 6, 1977, thus ending temporary total disability benefits for the last injury.

(2) Finding that claimant has a permanent partial anatomical disability of fifteen percent to the body as a whole from the last injury.

(3) Finding that appellees have controverted compensation benefits in excess of five percent permanent partial disability, and have not controverted rehabilitation benefits and related expenses.

First, appellant contends the Commission erred in failing to find the claimant is totally disabled and eligible for compensation payments. He argues the evidence shows he is in need of further medical treatment, continues to be unable to work, and that he should continue to receive temporary total disability benefits with such payments not chargeable to the satisfaction of any permanent disability award. Appellant cites no authority to support payment of temporary disability benefits after the end of the healing period, and has therefore failed to establish this point for reversal. *Wallis* v. *Smith's Pie Company*, 261 Ark. 622, 550 S.W. 2d 453 (1977).

Next appellant contends the Commission erred in determining his healing period had ended on December 6, 1977. However, claimant makes no argument in support of this point and cites no authority. There was unrefuted medical evidence to support the finding of the Commission as to the end of the healing period, and on appeal we do not consider an assignment of error presented in the brief not supported by convincing argument or authority unless it is apparent without further research that the asserted error is well taken.

*Hazen* v. *City of Booneville*, 260 Ark. 871, 545 S.W. 2d 614 (1977).

Appellant next contends the Commission erred in determining he has a permanent anatomical disability rating of fifteen percent to the body as a whole arising out of the injury in question, and argues that so long as medical treatment is required to alleviate pain arising out of the injury the healing period should not be said to be ended. Claimant points to the additional medication he was taking after December 6, 1977, pursuant to direction of his physician who performed surgery on his back, and to the circumstances of his surgeon referring him to Dr. Warren Boop, a neurosurgeon, for treatment in a pain control program. No authorities are cited in support of this point for reversal, and the appellant has failed to show error on the part of the Commission. The determination of claimant's ultimate benefits for permanent disability compensation within the meaning of the statute was reversed pending further evidence and determination by the administrative law judge after further exploration of rehabilitation for the claimant. In the final determination of permanent disability benefits, the loss of the capacity of the claimant to earn wages or other income remains open for final determination.

Claimant next argues the Commission erred in failing to determine that he is entitled to change physicians at the expense of the employer. We point out that the Commission has made no final determination of claimant's right to payment of medical benefits incident to the treatment by Dr. Boop for relief from residual pain, but has remanded certain questions with reference to this issue to the administrative law judge. Therefore, the issue is not properly before us for review.

Finally, claimant contends the Commission erred in determining that respondents have not controverted all benefits payable after October 15, 1978, the date on which the appellees discontinued compensation benefits.

The Commission found that appellees have not controverted vocational rehabilitation and related expenses but have controverted payment of permanent partial disability

benefits in excess of five percent to the body as a whole. The Commission made no final determination as to whether expenses incident to Dr. Boop's treatment were controverted, and this issue remains open for determination by the Commission when appellees' liability for the expenses is determined.

We find nothing in the record warranting a holding that appellees have controverted claimant's right to rehabilitation benefits if he undertakes a rehabilitation program. At the time of the hearing before the Commission the claimant had not selected or elected to pursue a rehabilitation program. We find no error on the part of the Commission in limiting its finding as to controversion of benefits at this point to the finding that appellees have controverted payment of permanent partial disability benefits in excess of five percent to the body as a whole.

The burden is upon appellant to demonstrate error in the findings and order of the Commission, and after a careful examination of the record, we conclude appellant has failed to do so.

Affirmed.