SAMUELS HIDE AND METAL COMPANY *v.* Michael
S. GRIFFIN

CA 87-143                                    739 S.W.2d 698

Court of Appeals of Arkansas
Division II
Opinion delivered November 25, 1987

*Walker, Snellgrove, Laser & Langley*, by: *David N. Laser*, for appellant.

*Zolper, Coop, Robertson & Associates, P.A.*, by: *Jeannette*

*A. Robertson,* for appellee.

MELVIN MAYFIELD, Judge. This is an appeal from an order of the Workers' Compensation Commission. At a hearing on a joint petition settlement, the administrative law judge suggested that $2,000 to $2,500, in addition to the $5,000 offered, should be paid. Appellant's counsel obtained an additional $2,500 and the law judge approved the joint petition without another hearing. However, the claimant then employed counsel and a motion was filed with the law judge asking that the order approving the joint petition be set aside. The law judge denied the motion and, on appeal to the full Commission, the law judge's order was vacated and the matter remanded with directions to schedule a hearing on the final settlement petition.

The employer has appealed and contends no additional hearing is necessary and that appellee's acceptance of the $7,500 without tendering any portion of it back has estopped appellee from challenging the settlement. We conclude that the order of the Commission is not a final order and, therefore, is not appealable. Even though the issue of appealability was not argued in the briefs, it is a jurisdictional question which the appellate court has the right and duty to raise in order to avoid piecemeal litigation. *Morgan* v. *Morgan,* 8 Ark. App. 346, 652 S.W.2d 57 (1983).

For an order to be appealable it must be a final order. Ark. R. App. P. 2. To be final, an order must dismiss the parties from the court, discharge them from the action, or conclude their rights as to the subject matter in controversy. *Epperson* v. *Biggs,* 17 Ark. App. 212, 705 S.W.2d 901 (1986). This rule applies to appeals from the Workers' Compensation Commission. *See H.E. McConnell & Son* v. *Sadle,* 248 Ark. 1182, 455 S.W.2d 880 (1970), and *Cooper Industrial Products* v. *Meadows,* 269 Ark. 966, 601 S.W.2d 275 (Ark. App. 1980).

It is the general rule that orders of remand are not final, appealable orders. *Lloyd* v. *Potlatch Corp.,* 19 Ark. App. 335, 721 S.W.2d 670 (1986). In 3 Larson, *Workmen's Compensation Law* § 80.11 (1983), the rule is stated as follows:

> There is in compensation procedure, just as in any other judicial procedure, such a thing as a completely unreview-

able matter, as in the case of interlocutory decisions that are unreviewable for lack of finality, or incidental decisions that involve details committed to the absolute discretion of the lower tribunal. Ordinarily an order is reviewable only at the point where it awards or denies compensation. Accordingly, review has been denied of an order allowing claimant to amend his claim, denying a motion to receive further evidence, remanding the case for further evidence or findings, directing the claimant to be medically examined, continuing the trial of a claim while a tort action was pending, and granting claimant's petition for interrogatories on the facts surrounding her husband's death. (Footnotes omitted.)

The Commission's remand in the instant case is not a final determination of any issue but merely remands the case for an additional hearing; therefore, it falls within the general rule as set out above and is not a final, appealable order.

Dismissed.

CRACRAFT and COOPER, JJ., agree.