HOPE BRICK WORKS *v.* Freddie WELCH, Deceased

CA 88-291                                              768 S.W.2d 37

Court of Appeals of Arkansas
Division II
Opinion delivered March 22, 1989

*Shackleford, Shackleford & Phillips, P.A.,* for appellant.

*Robert B. Buckalew,* for appellee.

DONALD L. CORBIN, Chief Judge. This appeal comes to us from the Arkansas Workers' Compensation Commission. Appellant, Hope Brick Works, appeals from an order of the Commission filed June 17, 1988. Appellee, Freddie Welch, now deceased, cross-appeals from only the portion of the Commission's opinion which concerns the legal and factual effect of the Occupational Safety and Health Administration (OSHA) reports. For reasons stated below, we dismiss.

Appellee filed a claim for benefits in 1984 alleging that he contracted silicosis during the twenty-two year scope and course of his employment with appellant. Appellant controverted the

claim and on September 7, 1984, the case proceeded to a hearing before the Administrative Law Judge. By an opinion dated November 29, 1984, appellee's claim was denied upon the finding that he failed to show by clear and convincing evidence that there was a causal connection between his silicosis and employment with appellant. In a letter to the Administrative Law Judge dated December 3, 1984, appellee's attorney requested that an OSHA report based upon inspections of appellant's plant bearing on the issue of presence of silica dust be included in the record. The evidence indicated that the report was not available at the time the hearing was held on appellee's claim.

On appeal, the Commission allowed the OSHA report into the record. Its order filed October 7, 1985, set aside and vacated the opinion of the Administrative Law Judge, and remanded the case to allow appellant the opportunity of cross-examination on the OSHA report. During the pendency of the appeal, appellee died in July of 1985.

On remand, the Administrative Law Judge accorded the OSHA report no probative value because of appellant's inability to cross-examine the OSHA employee who conducted the inspection and prepared the report. In its second opinion filed January 7, 1987, the Administrative Law Judge again found that appellant failed to show a causal connection between his illness and death and his employment with appellant. A second appeal was brought before the Commission by the dependents of appellee. On June 17, 1988, the Commission agreed that the OSHA report was entitled to no weight because of appellant's lack of an opportunity under applicable federal regulations to cross-examine the OSHA employee who prepared the inspection report. However, the Commission reversed the Administrative Law Judge and found there was clear and convincing evidence to support appellee's decedents' claim without consideration of the OSHA report. In concluding its opinion, the Commission held:

> [T]he Opinion and Order of the Administrative Law Judge filed January 7, 1987 is hereby reversed. This case is remanded to the Administrative Law Judge with directions to hold a hearing and to take evidence as to the benefits to which Welch's dependents are entitled and to enter an order and award accordingly.

We do not address appellant's allegations of error because we agree with appellee's argument on cross-appeal that appellant's appeal is premature. We conclude that the order of the Commission is not a final order and, therefore, is not appealable.

For an order to be appealable it must be a final order. Ark. R. App. P. 2. To be final, an order must dismiss the parties from the court, discharge them from the action, or conclude their rights as to the subject matter in controversy. *Epperson* v. *Biggs*, 17 Ark. App. 212, 705 S.W.2d 901 (1986). This rule applies to appeals from the Workers' Compensation Commission. *See, Samuels Hide & Metals Co.* v. *Griffin*, 23 Ark. App. 3, 739 S.W.2d 698 (1987) and *Cooper Indus. Prod.* v. *Meadows*, 269 Ark. 966, 601 S.W.2d 275 (Ark. App. 1980).

It is the general rule that orders of remand are not final, appealable orders. *Samuels*, 23 Ark. App. at 4, 739 S.W.2d at 699; *Lloyd* v. *Potlatch Corp.*, 19 Ark. App. 335, 721 S.W.2d 670 (1986). In *Samuels*, the court cited with approval 3 Larson, *Workmen's Compensation Law*, § 80.11 (1983), which states:

> There is in compensation procedure, just as in any other judicial procedure, such a thing as a completely unreviewable matter, as in the case of interlocutory decisions that are unreviewable for lack of finality, or incidental decisions that involve details committed to the absolute discretion of the lower tribunal. Ordinarily an order is reviewable only at the point where it awards or denies compensation. Accordingly, review has been denied of an order allowing claimant to amend his claim, denying a motion to receive further evidence, remanding the case for further evidence or findings, directing the claimant to be medically examined, continuing the trial of a claim while a tort action was pending, and granting claimant's petition for interrogatories on the facts surrounding her husband's death. (Footnotes omitted.)

Adhering to the court's holding in *Samuels*, the Commission's remand in the instant case is not a final determination but merely remands the case for an additional hearing to receive further evidence; therefore, it falls within the general rule as set out above and is not a final, appealable order.

Dismissed.

COOPER and JENNINGS, JJ., agree.