GINA MARIE FARMS *v.* Charles E. JONES

CA 89-6                                                    770 S.W.2d 680

Court of Appeals of Arkansas
En Banc
Opinion delivered May 24, 1989

*Constance G. Clark*, for appellant.

*Jay N. Tolley*, for appellee.

PER CURIAM. The appellant has filed this appeal from an opinion of the Arkansas Workers' Compensation Commission, and the appellee has filed a motion to dismiss the appeal. The opinion of the Commission reversed an opinion by an administrative law judge which held that the claimant had failed to prove by a preponderance of the evidence that his injuries arose out of and in the course of his employment. The Commission held that the claimant had sustained an injury arising out of and in the course of his employment and remanded the matter to the law judge with instructions to take "any additional evidence that may be necessary in order to determine the full extent of the benefits to which the claimant is entitled."

The motion to dismiss the appeal filed by the appellee-claimant contends that the Commission's decision is not a final order and, therefore, is not appealable. We agree. In *Samuels Hide & Metal Co.* v. *Griffin*, 23 Ark. App. 3, 739 S.W.2d 698 (1987), we said:

> For an order to be appealable it must be a final order. Ark. R. App. P. 2. To be final, an order must dismiss the parties from the court, discharge them from the action, or conclude their rights as to the subject matter in controversy. *Epperson* v. *Biggs*, 17 Ark. App. 212, 705 S.W.2d 901 (1986). This rule applies to appeals from the Workers' Compensation Commission. *See H.E. McConnell & Son* v. *Sadle*, 248 Ark. 1182, 455 S.W.2d 880 (1970), and

*Cooper Industrial Products* v. *Meadows*, 269 Ark. 966, 601 S.W.2d 275 (Ark. App. 1980).

It is the general rule that orders of remand are not final, appealable orders. *Lloyd* v. *Potlatch Corp.*, 19 Ark. App. 335, 721 S.W.2d 670 (1986). In 3 Larson, *Workmen's Compensation Law* § 80.11 (1983), the rule is stated as follows:

> There is in compensation procedure, just as in any other judicial procedure, such a thing as a completely unreviewable matter, as in the case of interlocutory decisions that are unreviewable for lack of finality, or incidental decisions that involve details committed to the absolute discretion of the lower tribunal. Ordinarily an order is reviewable only at the point where it awards or denies compensation. Accordingly, review has been denied of an order allowing claimant to amend his claim, denying a motion to receive further evidence, remanding the case for further evidence or findings, directing the claimant to be medically examined, continuing the trial of a claim while a tort action was pending, and granting claimant's petition for interrogatories on the facts surrounding her husband's death. [Footnotes omitted.]

We reiterated our ruling in *Samuels* in the very recent case of *Hope Brick Works* v. *Welch*, 27 Ark. App. 90, 768 S.W.2d 37 (1989), which involved the identical question presented in the motion now before us. In that case the Workers' Compensation Commission reversed a law judge's decision which held the evidence failed to show a causal connection between a claimant's illness and death and his employment. The Commission remanded the case to the law judge with "directions to hold a hearing and to take evidence as to the benefits to which Welch's dependents are entitled and to enter an order and award accordingly." 27 Ark. App. at 91. We said the Commission's remand "is not a final determination but merely remands the case for an additional hearing to receive further evidence." 27 Ark. App. at 92.

The appellant in the instant case cites several cases in

support of its contention that the Commission's decision is an appealable order. One case cited is *Luker* v. *Reynolds Metals Co.*, 244 Ark. 1088, 428 S.W.2d 45 (1968), in which the Arkansas Supreme Court said:

> The record shows that on May 26, 1967, the Commission found (1) that the heart attack suffered by appellant Luker arose out of and in the course of his employment by appellee Reynolds Metals Company; and (2) that as a result of the heart attack claimant sustained total disability for a period yet to be determined. The order provided, ". . . the commission expressly retains jurisdiction of this claim for the further purpose of determining the end of claimant's healing period and the extent of his permanent disability, if any."

244 Ark. at 1089. The court in *Luker* said the appealability of a Commission order was not limited to the final disposition of the matter before the Commission. The court also observed:

> The benevolent purposes of the act requiring the employer to make payments of compensation and medical expenses during the healing period would be defeated if all contested claims were permitted to lie dormant until the Commission could determine the end of the healing period and the permanent partial disability.

244 Ark. at 1090. However, the court carefully explained its holding in the final paragraph of its opinion by pointing out that the order of the Commission had determined the employer's responsibility for the injuries and had only retained jurisdiction for the purpose of determining the *end* of the claimant's healing period and the extent of his permanent disability, if any. The court concluded:

> These determinations were sufficiently final for the employer to contest on review (1) its liability to the claimant, (2) whether the evidence established the termination of the healing period, and (3) whether the evidence established any permanent partial disability. To this extent we hold it was final for purposes of review.

*Id.* The distinction between *Luker* and the instant case is clear. Here the appellant is seeking to appeal the sole issue of its liability

to the claimant; in *Luker* that was only one of the three issues which combined to make that order appealable. Obviously, in *Luker*, it should not have been necessary to wait until the extent of the permanent partial disability could be determined before appealing the other issues which were final. But to allow an appeal from the sole determination that the injury arose out of and in the course of the claimant's employment is quite a different matter. However, the appellant argues that it should be permitted to appeal the Commission's finding that the appellee sustained an injury arising out of and in the course of his employment because the purpose of the Commission's remand—to determine the benefits to which the appellee is entitled— will not matter if the Commission's determination of liability is reversed. The converse of that is also true. But in *H.E. McConnell & Son* v. *Sadle*, 248 Ark. 1182, 455 S.W.2d 880 (1970), the court held that an appeal from the Commission's sole determination that Mrs. Sadle was the legal widow and dependent of Lou Sadle was not a final, appealable order since the Commission had held in abeyance the question of whether his death arose out of and during the course of his employment. Quoting from a prior decision, the court in *McConnell* said, "Cases cannot be tried by piecemeal, and one cannot delay the final adjudication of a cause by appealing from the separate orders of a court as the cause progresses." Whether that statement is a complete answer to appellant's argument in this case may itself be arguable; however, as we have pointed out, in *Hope Brick Works* v. *Welch, supra,* we decided the issue now before us contrary to the argument made by the appellant in this case. We think that decision is in keeping with *McConnell* and we are not persuaded that the *Hope Brick* decision was wrong.

■ The *McConnell* case said for an order to be final it "must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy." It can, of course, be argued that this definition is too restrictive, and at the time *McConnell* was decided, the Arkansas Supreme Court had, in fact, described a final order in somewhat less restrictive language. In *Festinger* v. *Kantor*, 264 Ark. 275, 571 S.W.2d 82 (1978), the court extracted from the early case of *Davie* v. *Davie*, 52 Ark. 224, 12 S.W. 558 (1889), the rule—"To be final the decree must also put the court's directive into execution, ending the litigation or a separable branch of it." 264

Ark. at 277. But even under that less restrictive rule, the appellant in the present case cannot appeal from the Commission's sole finding of liability because, without a determination of some benefit to be received, the Commission's decision cannot be put into execution, and the Commission has remanded this matter to the law judge to determine the benefits to which the claimant is entitled. The operation of the rule set out in *Festinger* is aptly demonstrated by *Ark. State Highway Comm.* v. *Kesner*, 239 Ark. 270, 388 S.W.2d 905 (1965), where the court pointed out that an order "which establishes the plaintiff's right to recover, but leaves for future determination the exact amount of his recovery, is not final." 239 Ark. at 278. We also note that the court said it had in the past "inadvertently" allowed a piecemeal review in several highway eminent domain cases, but it was going to "revert to the better practice of reviewing only judgments and decrees that are final." *Id.*

We think the rule as expressed in *Festinger* is a better definition of a final, appealable order in a workers' compensation case than the rule as expressed in *McConnell*. At least, it should be added to the rule set out in *McConnell*. We have followed the *Festinger* rule in other type cases. *See, e.g., Scaff* v. *Scaff*, 5 Ark. App. 300, 635 S.W.2d 292 (1982); *Bonner* v. *Sikes*, 20 Ark. App. 209, 727 S.W.2d 144 (1987). Therefore, while our jurisdiction to hear appeals from the Workers' Compensation Commission is not based on the same foundation as that of the Arkansas Supreme Court, *see Davis* v. *C & M Tractor Company*, 2 Ark. App. 150, 617 S.W.2d 382 (1981), our jurisdiction is, nevertheless, appellate jurisdiction and we think it is proper for us to also apply the *Festinger* rule in workers' compensation cases.

When we apply the *Festinger* rule to *Weeks* v. *Coca Cola Bottling Co.*, 270 Ark. 151, 604 S.W.2d 566 (Ark. App. 1980), relied upon by the appellant, we do not think that case supports appellant's position. In that case this court specifically pointed out that "we do not review those portions of the Commission's decision which are remanded to the administrative law judge." The determinations that were reviewed in *Weeks* were the Commission's findings that (1) the claimant's healing period had ended, thus ending temporary total disability benefits, (2) the claimant had a permanent *anatomical* disability of fifteen percent to the body as a whole, and (3) the employer had contro-

verted benefits in excess of five percent permanent partial disability but had not controverted rehabilitation benefits. Not reviewed was the issue of loss of capacity of claimant to earn money, since that would depend upon "further evidence and determination by the administrative law judge after further exploration of rehabilitation for the claimant." 270 Ark. at 154. Thus, the issues the Commission's order put into execution— by establishing liability, or ending it, for the payment of money compensation for definite amounts— were reviewed on appeal. Clearly, these were separable parts of the litigation that had been ended. But those issues which depended upon determinations after rehabilitation were not reviewed because there were no final orders as to them because they were remanded to the law judge.

Also controlled by the rationale applied in the preceding paragraph is the case of *Model Laundry & Dry Cleaning* v. *Simmons*, 268 Ark. 770, 596 S.W.2d 337 (Ark. App. 1980), relied upon by the appellant. The only involvement in that case of the principle under discussion is the reference to the contention that certain medical bills were not controverted because the Commission had, apparently in an order previous to the one on review, remanded the case to a law judge and, therefore, the Commission's approval of the bills was not a final order. The appellate court held, however, that the Commission's order was final with respect to the medical claim and that the remand to the law judge was "solely for the purpose of determining the rehabilitation benefits question." *See* 268 Ark. at 777. Thus, that decision is like the decision in *Weeks* v. *Coca Cola Bottling Co.*, *supra*, insofar as the point under discussion is concerned.

We also point out that the same rationale can be applied to the cases of *Chandler Trailer Convoy, Inc.* v. *Henson*, 266 Ark. 760, 585 S.W.2d 370 (Ark. App. 1979), and *Lloyd* v. *Potlatch Corporation*, 19 Ark. App. 335, 721 S.W.2d 670 (1986), both relied upon by the appellee in support of his motion to dismiss this appeal. *Chandler* involved the simple question of whether an order of remand from circuit court to the Commission was a final, appealable order. (The remand was made at a time that Commission decisions were appealed to circuit court.) The appellate court held the order was not a final order. This is clearly in line with the definition of a final order found in *Festinger*. The same issue was involved in *Lloyd*. While that case is, as the first paragraph of the

opinion suggests, procedurally complex, the point under discussion is simply stated and explained—a Commission's order of remand to a law judge is not a final, appealable order. 19 Ark. App. at 343.

*Lloyd* does discuss *Bibler Brothers, Inc.* v. *Ingram,* 266 Ark. 969, 587 S.W.2d 841 (Ark. App. 1979), which might appear to be an exception to the definition or test of a final order that we have used in this opinion. In that case the judge of the circuit court to which the Commission's decision had been appealed personally investigated and found a therapeutic work program that was "available and suitable." The judge then reversed the Commission's determination of permanent partial disability awarded to the claimant and found that the claimant's healing period had not ended. There was no remand to the Commission, and the appellate court held the circuit judge's decision was a final, appealable order because the court "substituted its own determination and legal conclusion, and that is a final order." Thus, the case does not conflict with the view of a final, appealable order that we have taken in this opinion.

■ We have written at length because the point involved is a recurring matter in workers' compensation appeals. In the past, we have not always paid close attention to the point unless it was specifically raised by one of the parties. However, we take this occasion to call attention, as did our supreme court in *Arkansas State Highway Comm.* v. *Kesner, supra,* that we will in the future follow the "better practice" of reviewing only Commission orders that are final. This will mean, of course, that we will dismiss the appeal on our own motion in those cases where we realize there is no final, appealable order. For our authority to do this, see *H.E. McConnell & Son* v. *Sadle* and *Samuels Hide & Metal Co.* v. *Griffin, supra.*

■ The motion to dismiss the appeal in the instant case is granted. Appellee's request for attorney fees under Ark. Code Ann. § 11-9-715 (1987) is allowed. Although the statute provides for the fee if the "claimant prevails on appeal" and there has been no final order in this case, the appellee has in fact prevailed as the appeal has been dismissed. Therefore, we award appellee $500.00 attorney's fee under the provisions of the above statute. Appellee shall also recover his cost on appeal as provided by the rules of this court.