ARKANSAS HIGHWAY AND TRANSPORTATION
DEPARTMENT *v.* G.W. GIDEON

CA 88-310                                     770 S.W.2d 677

Court of Appeals of Arkansas
Division II
Opinion delivered May 24, 1989

*Robert L. Wilson* and *Maria L. Schenetzke*, for appellant.

*Neil V. Pennick*, for appellee.

MELVIN MAYFIELD, Judge. This is an appeal from a decision

of the Workers' Compensation Commission holding that the statute of limitations contained in Ark. Code Ann. § 11-9-702(b) (1987) [formerly Ark. Stat. Ann. § 81-1318(b) (Repl. 1976)], did not bar appellee's claim for additional compensation benefits. The Commission reversed the decision of an administrative law judge who had held that the claim was barred by limitations. The Commission remanded the case for the law judge "to determine the additional benefits, if any, to which [the appellee] may be entitled and to enter an order based on his findings."

The appellants contend that the Commission's decision is not supported by the evidence, is internally contradictory, and defeats the purposes to be served by the statute of limitations. However, we do not reach the merits of the Commission's decision because we find the decision is not a final, appealable order.

■■ In a Per Curiam opinion handed down this date, we have fully discussed the definition and test of a final, appealable order in a workers' compensation case. *See Gina Marie Farms* v. *Jones*, 28 Ark. App. 90, 770 S.W.2d 680 (1989). In that case we applied the rule used in *Festinger* v. *Kantor*, 264 Ark. 275, 571 S.W.2d 82 (1978), that "to be final the decree must also put the court's directive into execution, ending the litigation or a separable branch of it." That rule applied to the instant case obviously means that the order of the Commission is not a final, appealable order since it only holds that appellee's claim for additional benefits is not barred by limitations and remands the claim to a law judge for a determination as to merit. No Commission decision has been put into execution; neither the litigation nor a separable branch of it has been ended.

■ We also point out that while the issue of a final, appealable order has not been raised by either party in this case, the issue pertains to our appellate jurisdiction and is a matter that we raise on our own. *H.E. McConnell & Son* v. *Sadle*, 248 Ark. 1182, 455 S.W.2d 880 (1970); *Samuels Hide & Metal Co.* v. *Griffin*, 23 Ark. App. 3, 739 S.W.2d 698 (1987).

Dismissed.

JENNINGS and ROGERS, JJ., agree.