BALDOR ELECTRIC COMPANY and Northbrook
Indemnity Company *v.* James JONES

CA 89-104                                    777 S.W.2d 586

Court of Appeals of Arkansas
Division I
Opinion delivered October 11, 1989
[Supplemental Opinion on Denial of Rehearing
November 15, 1989.]

*Hardin, Jesson & Dawson*, by: *Robert M. Honea*, for appellants.

*Hixson, Cleveland & Rush*, by: *R.H. "Buddy" Hixson*, for appellee.

JAMES R. COOPER, Judge. Subsequent to three separate surgical incisions, the appellee suffered a hernia along the incision line located immediately above his abdomen. Alleging that the hernia was caused by heavy lifting associated with his employment, the appellee filed a claim for workers' compensation. The administrative law judge found that the appellee's incisional hernia was subject to the provisions of Ark. Code Ann. § 11-9-523 (1987), and because the appellee had not met the conditions outlined in that section, he was not eligible for compensation. The appellee appealed to the full Commission. The Commission found that the appellee's hernia was not a hernia within the meaning of § 11-9-523 and also found that the appellee had shown a causal connection between the injury and his employment. The Commission then remanded the matter to the administrative law judge with instructions to take such additional evidence that may be necessary in order to determine the full extent of any benefits to which the appellee is entitled. The appellants appeal, arguing that the Commission erred in finding that the appellee's injury was not subject to § 11-9-523.

We dismiss because the order appealed from is not a final order. Ark. R. App. P. 2. To be final, an order must dismiss the parties from the court, discharge them from the action, or conclude their rights as to the subject matter in controversy. *Samuels Hide & Metal Co.* v. *Griffin*, 23 Ark. App. 3, 739 S.W.2d 698 (1987); *Lloyd* v. *Potlatch Corp.*, 19 Ark. App. 335, 721 S.W.2d 670 (1986). It is a general rule that orders of remand are not final and that workers' compensation orders are ordinarily reviewable only at the point where they award or deny compensation. *Gina Marie Farms* v. *Jones*, 28 Ark. App. 90, 770 S.W.2d 680 (1989); *Hope Brick Works* v. *Welch*, 27 Ark. App. 90, 768 S.W.2d 37 (1989).

In the present case, the administrative law judge has been ordered to take additional evidence and determine benefits. Addressing some of the issues at this point would constitute piecemeal litigation. As we noted in *Gina Marie Farms, supra*,

we follow the better practice of reviewing only Commission orders that are final and we will dismiss on our own motion those cases lacking a final appealable order.

During oral argument of this case, it was pointed out to us that under Ark. Code Ann. § 11-9-711 (1987) a compensation order or award becomes final unless it is appealed from within thirty days. It was argued that failing to file an appeal in a case where there is some doubt as to the appealability of the order could lead to malpractice. It was also argued that there is some confusion as to what is and what is not an appealable order.

An order which is remanded to the administrative law judge for the taking of additional evidence and which does not award compensation or any monetary benefits, as in this case, is not a final appealable order. There are some situations where the Commission retains jurisdiction, yet the order entered may be a final order. For example, in *Luker* v. *Reynolds Metals Company*, 244 Ark. 1088, 428 S.W.2d 45 (1968), the Commission retained jurisdiction to determine the healing period and the amount of permanent disability and that order was held to be a final order. The Court stated that the determinations made by the Commission were sufficiently final for the employer to contest on review (1) its liability to the claimant, (2) whether the evidence established the termination of the healing period, and (3) whether the evidence established any permanent partial disability. Although in the present case the Commission found a causal connection between the employment and the injury, the extent of liability has not been determined. There has been no determination of healing period, disability, or reasonable medical expenses. In other words, in order to be a final order, the order must either deny or award some compensation, and until that occurs an order is not appealable.

Dismissed.

CRACRAFT and ROGERS, JJ., agree.

SUPPLEMENTAL OPINION ON DENIAL OF REHEARING
NOVEMBER 15, 1989

782 S.W.2d 373

*Hardin, Jesson & Dawson*, by: *Rex M. Terry*, for appellant.

*Hixson, Cleveland & Rush*, by: *R.H. "Buddy" Hixson*, for appellee.

JAMES R. COOPER, Judge. We dismissed this Workers' Compensation case because the order appealed from was not a final order in accordance with Ark. R. App. P. 2. *See Baldor Electric Co.* v. *Jones*, 29 Ark. App. 80, 777 S.W.2d 586 (1989). The appellants have filed a petition for rehearing arguing that appeals from the Commission are not governed by the Arkansas Rules of Appellate Procedure, but instead are governed by Ark. Code Ann. § 11-9-711(b) (1987). The appellants argue that, because Rule 2 of the Rules of Appellate Procedure states that an appeal "may be taken from a circuit, chancery, or probate court," the rule is not binding in appeals from the Commission. The appellants also argue that under § 11-9-711(b), finality of the order is not prerequisite to appeals from the Commission.

However, that same statute also states in part, "Appeals from the Commission to the Court of Appeals *shall be allowed as in other civil cases* . . . ." Ark. Code Ann. § 11-9-711(b)(2) (1987) (emphasis added). Clearly, this statute indicates that appeals from the Commission are to be taken in the

same manner as appeals in civil cases, and Rule 2 clearly applies to appeals from the Commission.

■ Because this court is an appellate court, in order to invoke jurisdiction the order appealed from must be final. *Samuels Hide and Metal Co.* v. *Griffin*, 23 Ark. App. 3, 739 S.W.2d 698 (1987). We simply do not have jurisdiction to hear the merits of the appellants' appeal in the absence of a final order.

The appellants also contend that there would be substantial judicial economy in deciding the merits of this case because our ruling "guarantees another appeal." However, it is precisely because of judicial economy that we do not hear piecemeal litigation.

Rehearing denied.