## AMERICAN MUTUAL INSURANCE COMPANY
### (Guaranty Fund, Arkansas Insurance Commission) *v.*
## ARGONAUT INSURANCE COMPANY

CA 90-98                                          801 S.W.2d 55

Court of Appeals of Arkansas
En Banc
Opinion delivered January 9, 1991

*Penix, Penix & Lusby*, by: *Bill Penix* and *Richard L. Castleman*, for appellant.

*Friday, Eldredge & Clark*, by: *Elizabeth J. Robben*, for appellee.

GEORGE K. CRACRAFT, Chief Judge. This is an appeal from an order of the Arkansas Workers' Compensation Commission imposing liability on appellant American Mutual Insurance Company for workers' compensation benefits resulting from an injury suffered by an employee of Tiffany Stand and Furniture. As we conclude that the order is not appealable, we dismiss the appeal.

William Lance Freeman was employed by Tiffany Stand and Furniture in 1982, when he sustained an injury to his back for which compensation benefits were paid. He suffered a recurrence of that injury in 1984 for which Tiffany also afforded him benefits. In 1986, while still in the employ of Tiffany, Freeman

sustained a third episode of disability resulting from pain in his back. At the time of the 1982 and 1984 incidents, Tiffany's workers' compensation carrier was Argonaut Insurance Company. At the time of the 1986 episode, its carrier was American Mutual Insurance Company. American Mutual contended that the 1986 episode was merely another recurrence of the earlier injury for which Argonaut afforded coverage to Tiffany. Argonaut contended that it·was in fact a reinjury or aggravation of the earlier condition and was sustained at a time when American Mutual afforded Tiffany workers' compensation coverage. The Commission found that the 1986 episode of disability resulted from an aggravation of the earlier injury and that American Mutual afforded the coverage to Tiffany for that injury.

American Mutual appeals, contending that the Commission erred in finding that Freeman had suffered an aggravation rather than a recurrence and, alternatively, in not apportioning the loss. We do not address these issues on their merits because we conclude that the Commission's order is not final and appealable.

The order from which this appeal was taken concludes as follows:

> Accordingly, for the foregoing reasons, we reverse the decision of the administrative law judge and find that the claimant suffered an aggravation of his pre-existing back condition in October 1986. Therefore, respondent No. 2 [American Mutual] is liable for appropriate compensation benefits. *This case is hereby remanded to the Administrative Law Judge for the purpose of determining claimant's appropriate wage rate at the time of the October 1986 injury.* In addition, the Administrative Law Judge indicated that the period of temporary total disability be determined by review of claimant's attendance records; *while on remand we would suggest that he set out the specific periods of temporary total disability which the facts support.*

(Emphasis added.)

Arkansas Code Annotated § 11-9-711(b)(2) (1987) provides that appeals from the Commission to this court shall be allowed as in other civil actions. As a general rule, orders of

remand are not final and appealable; ordinarily, an order is reviewable only at the point where it awards or denies compensation. *Samuels Hide & Metal Co.* v. *Griffin*, 23 Ark. App. 3, 739 S.W.2d 698 (1987); *Lloyd* v. *Potlach Corporation*, 19 Ark. App. 335, 721 S.W.2d 670 (1986); 3 A. Larson, *The Law of Workmen's Compensation* § 80.11 (1983). For an order to be appealable, it must be a final one. To be final, the order must dismiss the parties from the court, discharge them from the action, or conclude their rights as to the subject matter of the controversy. *Gina Marie Farms* v. *Jones*, 28 Ark. App. 90, 770 S.W.2d 680 (1989).

■ It also has been stated that appealable orders of the Commission are not limited to those that make a final disposition of an entire case. *Ozark Rustic Homes* v. *Albright*, 269 Ark. 696, 600 S.W.2d 420 (Ark. App. 1980). However, we have held that the test for determining whether an order of the Workers' Compensation Commission is appealable is whether it puts the Commission's directive into execution, ending the litigation or a separable part of it. *Gina Marie Farms* v. *Jones, supra.* An order that establishes a party's right to recover but remands for a determination of the amount of that recovery ordinarily is not an appealable one. *Id.*; *Hope Brick Works* v. *Welch*, 27 Ark. App. 90, 768 S.W.2d 37 (1989). *See Arkansas State Highway Commission* v. *Kesner*, 239 Ark. 270, 388 S.W.2d 905 (1965).

■ The purpose of the above rules is to prevent piecemeal litigation. The order entered here finds liability but does not settle the issue or put the Commission's directive into execution, as it remands the case for the administrative law judge to determine claimant's appropriate wage rate and periods of temporary total disability, and to make an award in accordance with those determinations. To hold this order appealable would not further the purpose of avoiding having cases tried on a piecemeal basis, as the very issues left to be decided by the administrative law judge on remand are not uncommonly subjects of appeal in their own right. *See, e.g., Noggle* v. *Arkansas Valley Electric Coop.*, 31 Ark. App. 104, 788 S.W.2d 497 (1990); *Herman Young Lumber Co.* v. *Koon*, 30 Ark. App. 162, 785 S.W.2d 44 (1990); *Wright* v. *Tyson Foods, Inc.*, 28 Ark. App. 261, 773 S.W.2d 110 (1989). On the other hand, requiring the parties to wait until entry of an award before appealing to this court will not prevent appellant

from making the arguments it now makes, as well as any others that may arise as a result of the proceedings yet to be had below. We conclude that an order of remand for the purpose of determining the amount of disability benefits to be awarded is not appealable.

Dismissed.

MAYFIELD and ROGERS, JJ., concur.

DANIELSON, J., not participating.

MELVIN MAYFIELD, Judge, concurring. I concur with the holding in the majority opinion that the order of the Workers' Compensation Commission sought to be appealed in this case is not an appealable order. This matter, however, needs a "bright-line" rule by which attorneys may determine whether an order of the Commission is or is not appealable.

As the majority opinion points out, the purpose of the requirement of an appealable order is to prevent piecemeal litigation. But it is not always clear just when an order of the Commission is appealable. The majority opinion also points out that the order does not have to make a final disposition of the entire case but that an order to be appealable "must dismiss the parties from the court, discharge them from the action, or conclude their rights as to the subject matter of the controversy." And the opinion states the "test" for determining appealability is whether the order "puts the Commission's directive into execution, ending the litigation or a separable part of it." *Gina Marie Farms* v. *Jones*, 28 Ark. App. 90, 770 S.W.2d 680 (1989), is cited in support of these statements.

The language in some of the cases, both before and after *Gina Marie Farms*, fails to include the phrase "or a separable part of it." I think it important to keep this phrase in mind. The opinion in *Gina Marie Farms* explains the decision in a number of cases by applying the "test" of whether the order sought to be appealed "puts the Commission's directive into execution ending the litigation or a separable part of it." Only by the application of this test to the statement that "to be final, an order must dismiss the parties from the court, discharge them from the action, or conclude their right as to the subject matter in controversy" can we find any "bright-line" that will explain many of the decisions

of the past or serve as a more complete guide for the future.

At first blush, the order in the present case would appear to be appealable since it holds that the appellant American Mutual Insurance Company (now Guaranty Fund, Arkansas Insurance Commission) is liable for the appropriate compensation benefits, and the appellee Argonaut Insurance Company is not liable. This order appears to put the Commission's directive into execution and to end a separable part of the controversy. But not so. As the majority opinion states, the controversy is between the claimant William Lance Freeman and his employer Tiffany Stand & Furniture Company, neither of which is a real party to this appeal. The real parties to this appeal are the employer's insurance carriers. Thus, the Commission's opinion did not end a "separable part" of the real controversy which is between the claimant and his employer.

What may be needed is something akin to Ark. R. Civ. P. 54(b) which allows a judgment to be final to one or more but fewer than all of the claims or parties if the trial court makes "an express determination that there is no just reason for delay" and makes "an express determination for the entry of judgement." Obviously, this rule of civil procedure does not apply to proceedings in and appeals from the Workers' Compensation Commission. I think, however, that the careful application of our opinion in *Gina Marie Farms, supra*, will be helpful in determining whether an order of the Commission is appealable.

JUDITH ROGERS, Judge, concurring. Under the authority cited by the majority opinion, I must concur in the decision to dismiss this appeal, as the Commission's order is not final and, therefore, is not properly before this court for review. I do think, however, that it is an unnecessary expenditure of attorney's fees and time to have two insurance carriers participating in this litigation until all liability is ascertained. These additional costs must necessarily be borne by someone, and it appears that, under present case law, this is a problem to be addressed by the legislature or the Commission under its rule-making authority.