Virginia Snyder ADAMS *v.* SOUTHERN STEEL & WIRE and Cigna Insurance Company

CA 93-1093                                          866 S.W.2d 432

Court of Appeals of Arkansas
En Banc
Opinion delivered December 8, 1993

*Robert S. Blatt*, for appellant.

*Shaw, Ledbetter, Hornberger, Cogbill & Arnold*, by: *Gill A. Rogers*, for appellee.

PER CURIAM. In this workers' compensation case, the employer, Southern Steel & Wire, and its insurance carrier, Cigna Insurance Company, have filed a motion to dismiss the appeal filed in this court.

From the briefs filed by the appellees and the appellant, we learn that the Workers' Compensation Commission filed an opinion in this case on August 19, 1992, in which the Commission reversed an administrative law judge's order directing that the claimant-appellant undergo a psychiatric or psychological evaluation at the appellees' expense. The Commission's order stated that appellant had suffered a compensable injury while working for the employer-appellee, and at a hearing on permanent disability entitlement, the law judge stated he believed the claimant might be suffering from depression and ordered that she be evaluated by a doctor in that regard. The Commission's order found that the law judge had abused his discretion in ordering the independent psychological examination.

After this order of the Commission was filed on August 19, 1992, the claimant submitted various psychological evaluations to the law judge, and over the employer's objection, the law judge issued a prehearing order scheduling a second hearing on the permanent disability issue at which the psychological evaluations would be admissible. This order was appealed to the Commission and in an opinion filed on September 1, 1993, the Commission held that the law judge had "abused his discretion by setting this matter for a second hearing" and he was "directed, on remand, to render a decision based upon the evidence" which

was presented at the first hearing on claimant's permanent disability entitlement.

The claimant has filed a notice of appeal to this court appealing this September 1, 1993, decision of the Commission. The employer and its insurance carrier (appellees) have filed a motion to dismiss the appeal based on their contention that the Commission's September 1, 1993, order was "not a final order."

Appellees cite *Baldor Electric Company* v. *Jones*, 29 Ark. App. 80, 777 S.W.2d 586 (1989), in support of their contention. In that case the Commission had remanded the matter to the law judge to take "such additional evidence that may be necessary in order to determine the full extent of any benefits to which the appellee is entitled." We held this was not a final, appealable order, and we dismissed the appeal. This issue of what constitutes an appealable order in workers' compensation cases has not always been a unanimous decision in this court. *See, e.g.*, the dissenting opinion in *TEC* v. *Falkner*, 38 Ark. App. 13, 827 S.W.2d 661 (1992). However, we do not think the Commission has entered a final, appealable order in this case even under the "separable branch" concept of an appealable order as discussed in the dissent in *TEC* v. *Falkner*.

The effect of the Commission's action in this case, regardless of its intention, has been to require the law judge to determine the appellant's entitlement to permanent disability without evidence of psychological injury or evaluation. Evidence in that regard has already been proffered and additional evidence may be proffered, but the law judge cannot consider such evidence in making his determination as to permanent disability. When this determination has been made by the Commission there will then be a final, appealable order in this case, and whether the Commission was in error in excluding the psychological evidence can then be decided on appeal to this court.

Appeal dismissed.