Terry HUMPHREY *v.* FAULKNER NURSING CENTER

CA 97-791                                     964 S.W.2d 224

Court of Appeals of Arkansas
Divisions II and III
Opinion delivered March 4, 1998

*Dodds, Kidd, Ryan & Moore,* by: *Donald S. Ryan,* for appellant.

*Friday, Eldredge & Clark,* by: *Betty J. Demory,* for appellee.

SAM BIRD, Judge. This is an appeal from a decision of the Workers' Compensation Commission. Terry Humphrey, the appellant, was employed by Faulkner Nursing Center, appellee/cross-appellant, on December 18, 1992, when she attempted to lift a patient back into a wheelchair. The patient was sliding to the floor, and the restraint on the wheelchair was choking her. As appellant attempted to lift the patient, she and a coworker, who was also lifting the patient, heard a loud pop in appellant's right shoulder. Appellant states that her hand became numb and her arm and hand began turning blue and became cold.

As a result of this injury, the appellant had a diskectomy and spinal fusion with bone graft at the C5-6 level of her spine. Her surgeon, Dr. Richard Peek, assigned her a thirty-five percent permanent physical impairment to the body as a whole. However, Dr. Earl Peeples also examined the appellant and gave her a permanent anatomical impairment of ten percent to the body as a whole based upon her neck injury and the fusion procedure.

The administrative law judge found that the appellant had proven by a preponderance of the evidence that she is permanently and totally disabled as a result of impairments to her right arm, right shoulder, and neck. However, after a de novo review

of the record, the full Commission found that the appellant was not permanently and totally disabled but that the appellant was entitled to a thirty-five percent permanent physical impairment to the body as a whole based upon the combination of impairments to her neck, right shoulder, and right arm. On April 8, 1997, the Commission entered an order and remanded this case to the law judge to receive additional evidence in order to determine what portion of the appellant's thirty-five percent impairment rating is attributable to the scheduled arm impairment. In addition, the Commission directed the law judge to determine the degree of impairment to the appellant's earning capacity related to her neck and shoulder impairments without regard to the scheduled arm impairment.

On April 21, 1997, the appellant filed a notice of appeal contending that the Commission erred in finding that she was not permanently and totally disabled and that her arm impairment was a scheduled injury. On May 2, 1997, the appellee filed a cross-appeal arguing that the Commission's finding that the appellant has a thirty-five percent physical impairment is not supported by substantial evidence. However, this court cannot reach the merits of this case and must dismiss the appeal for lack of a final order.

It is a well-established rule that in order for this court to review a decision of the Workers' Compensation Commission, the order from which the parties appeal must be final. *Rogers v. Wood Mfg.*, 46 Ark. App. 43, 877 S.W.2d 43 (1994); *Adams v. Southern Steel & Wire*, 44 Ark. App. 108, 866 S.W.2d 432 (1993); *TEC v. Falkner*, 38 Ark. App. 13, 827 S.W.2d 661 (1992); *American Mut. Ins. Co. v. Argonaut Ins. Co.*, 33 Ark. App. 82, 801 S.W.2d 55 (1991); *St. Paul Ins. Co. v. DeSota*, 30 Ark. App. 45, 782 S.W.2d 374 (1990). For an order to be final, the order must dismiss the parties from the court, discharge them from the action or conclude their rights as to the cause of action. *Baldor Electric Co. v. Jones*, 29 Ark. App. 80, 777 S.W.2d 586 (1989). Further, an order that is remanded to the law judge for the taking of additional evidence and one that does not award compensation for monetary benefits is not a final order. *Baldor Electric Co. v. Jones, supra; Adams v. Southern Steel & Wire, supra.* This court is obliged to raise on its own motion the finality of an order because it goes

to our own jurisdiction. *Rogers v. Wood Mfg., supra. See also TEC v. Falkner, supra; Baldor Electric Co. v. Jones, supra.*

■ This appeal is dismissed because the order from which the parties appeal and cross-appeal is not a final order.

ROBBINS, C.J., JENNINGS, CRABTREE, and MEADS, JJ., agree.

GRIFFEN, J., dissents.

WENDELL L. GRIFFEN, Judge, dissenting. I do not agree with the decision to dismiss this appeal because no part of the Commission's decision that was remanded to the administrative law judge is involved in appellant's appeal. The first issue that appellant has raised is that the Commission's decision that she was not permanently and totally disabled is not supported by substantial evidence. Nothing concerning permanent total disability was remanded to the administrative law judge for adjudication. No additional evidence will be taken regarding permanent total disability. No part of the issues that have been remanded (i.e., whether appellant's right arm impairment contributed to the 35% anatomical impairment rating to the body as a whole assessed by Dr. Richard Peek, and the extent of wage-loss disability, if any, attributable to that impairment to the body as a whole) are encompassed in appellant's challenge to the Commission's decision to deny her claim for permanent total disability benefits. In fact, if the Commission erred by denying the permanent total disability claim based on the odd-lot doctrine, then there is nothing to remand.

However, the majority holds that the appeal must be dismissed because the Commission's decision lacked finality to the extent that matters were remanded to the administrative law judge. In doing so, the majority relies upon the general rule that orders of remand are not final, appealable orders. *See Lloyd v. Potlatch Corp.*, 19 Ark. App. 335, 721 S.W.2d 670 (1986). In our per curiam decision in *Gina Marie Farms v. Jones*, 28 Ark. App. 90, 770 S.W.2d 680 (1989), we reviewed the way that the law has developed concerning the appealability of workers' compensation cases, and we noted the general principle that for an order to be

appealable, it must be a final order, meaning one which dismisses the parties from the court, discharges them from the action, or concludes their rights as to the subject matter in controversy. *Epperson v. Biggs*, 17 Ark. App. 212, 705 S.W.2d 901 (1986). We also observed that the general rule applies to workers' compensation appeals. *See H.E. McConnell & Sons v. Sadle*, 248 Ark. 1182, 455 S.W.2d 880 (1970), and *Cooper Indus. Prod. v. Meadows*, 269 Ark. 966, 601 S.W.2d 275 (Ark. App. 1980).

However, in *Gina Marie Farms* our court also recognized and expressly embraced what it termed a "less restrictive rule" drawn from *Festinger v. Kantor*, 264 Ark. 275, 571 S.W.2d 82 (1978), as "a better definition of a final, appealable order in a workers' compensation case" than the one set out in *McConnell*, or at least an extension of the *McConnell* rule. The *Festinger* definition of a final, appealable order was taken from the decision in *Davie v. Davie*, 52 Ark. 224, 12 S.W. 558 (1889), and provides that to be final a decision "must also put the court's directive into execution, ending the litigation *or a separable part of it.*" *Festinger*, 264 Ark. at 277, 571 S.W.2d at 84 (emphasis added). Our per curiam opinion in *Gina Marie Farms* reviewed cases decided by our court from its origin in 1979, indicated that the *Festinger* definition would be applied to resolve future questions about whether an appeal is taken from a final, appealable order, and concluded that we will dismiss appeals on our own motion where we realize that the decision challenged is not a final, appealable order.

We have not abandoned or narrowed the *Festinger* definition, at least openly, in the ensuing years. However, we are certainly refusing to follow it by dismissing this appeal. Aside from the fact that the permanent total disability issue raised as appellant's first allegation of error does not involve a matter that has been remanded by the Commission to its administrative law judge, that issue plainly and squarely meets the *Festinger* standard of being a separable branch of the litigation that has been ended by the decision appealed. The majority does not suggest and cannot demonstrate that appellant will be able to prove anything concerning permanent total disability when the administrative law judge considers the issues that have been remanded by the Commission.

Our reasonable aversion to piecemeal appeals should not cloud our understanding about the discrete differences between permanent total disability, permanent partial disability to the body as a whole, and permanent partial disability based upon scheduled injuries. The Commission has simply remanded to its administrative law judge for additional evidence that part of appellant's claim related to its determination that she is *not* permanently totally disabled. Indeed, if appellant eventually prosecutes an appeal following adjudication of the remanded issues and successfully argues that the Commission's decision denying her claim for permanent total disability is not supported by substantial evidence, there is no plausible reason to believe that the record on that appeal will include anything arising from the proceedings on remand. If appellant is permanently and totally disabled, her scheduled injury and the injury to the body as a whole are merged into the permanent and total disability so that there is no reason to treat them separately on remand. It is a long-settled principle of law in Arkansas that a scheduled injury such as that appellant has apparently suffered to her right arm cannot be apportioned to the body as a whole absent a finding of permanent and total disability. *See Anchor Constr. Co. v. Rice*, 252 Ark. 460, 479 S.W.2d 573 (1972). It is equally settled law that no wage-loss disability benefits are paid for scheduled injuries absent a finding of permanent and total disability. *Id.* Given that we have a quarter-century of case law to this effect and that Arkansas appellate courts have expressly embraced the view that a decision that ends a separable part of a workers' compensation case is a final order for appealability purposes, one must wonder what part of the Commission's decision denying appellant's claim for permanent total disability benefits she will be able to present evidence about on remand, particularly when nothing concerning permanent total disability has been remanded.

As Justice Conley Byrd of the Arkansas Supreme Court wrote in *Luker v. Reynolds Metals Co.*, 244 Ark. 1088, 428 S.W.2d 45 (1968), the appealability of the Commission's order in a workers' compensation claim "is not limited to the final disposition of the matter before the Commission." *Id.* at 1090. The beneficial and benevolent purposes intended by the workers' compensation

laws, enacted to make reasonably necessary medical benefits and living income quickly available to injured workers, would be completely nullified if contested claims regarding entitlement to indemnity and medical benefits were forced to await complete resolution of every dispute and dismissal of every litigant as is true for other types of litigation. This is one reason why the Arkansas General Assembly enacted Ark. Code Ann. § 11-9-711(b)(2) (Repl. 1996), which states that appeals from the Workers' Compensation Commission "shall take precedence over all other civil cases appealed to the court."

It is regrettable that the sense of urgency recognized by the General Assembly and experienced with pressing force by injured workers is not matched by judicial resolve, especially after we have explicitly created a special exception to the general rule of appealability based on the *Festinger* principle that we embraced in *Gina Marie Farms*. I respectfully dissent.